## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Citadel Energy Holdings, LLC, et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11322 (KJC)<br>(Jointly Administered) |
| H2O Partners, LP,<br>Plaintiff<br><br>v.<br><br>Citadel Energy Services, LLC, and<br>Citadel H2O, LLC,<br>Defendants. | Adversary Proceeding No. _____ |

## COMPLAINT

Plaintiff H2O Partners, LP ("H2O" or the "Partnership") respectfully brings this action for a declaratory judgment and constructive trust relief providing that certain assets currently held by a non-debtor majority owned subsidiary of Debtor/Defendant Citadel Energy Services, LLC ("CES"), are the rightful property of – and should be transferred to – the Partnership (the "Complaint"). The non-bankrupt majority owned subsidiary in question is an entity known as Citadel H2O, LLC ("Citadel"). The assets in question have a value of approximately $5 million. If the Partnership is deemed the rightful owner of these assets, they will not be available to the Debtors[1] and their creditors, and if the Debtors have access to these assets through majority ownership of Citadel through CES, then the Partnership will have a claim against the Debtors'

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Holdings, LLC (5061); Citadel Watford City Disposal Partners, LP (1520); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Energy Services, LLC (7762).

estates in excess of $7 million. Accordingly, an expeditious determination of the issues presented in this Adversary Proceeding is critical to how these Chapter 11 cases will be conducted and concluded. It should be noted that the Debtors placed no value on CES' interest in Citadel in its Schedules of Assets and Liabilities filed in the Chapter 11 cases, seemingly an admission that the assets are not property of the Debtors' estates through their ownership of Citadel.

On or about August 15, 2014, Defendant Citadel acquired the assets in question – which consist mainly of groundwater permits and leases and customer contracts to supply freshwater (the "Water Assets") – at a price of $5 million. Every penny of that purchase price was funded by the Partnership based on an express contractual commitment, and unequivocal written representations, by Debtor/Defendant CES that its majority owned subsidiary, Defendant Citadel, would immediately assign all of the Water Assets to the Partnership. To date, almost a full year later, the Water Assets have not been assigned to the Partnership. The Partnership seeks a declaratory judgment and a constructive trust as described above so that the Water Assets – which it paid for and should own and control – will finally be transferred to their rightful owner. In addition, there is approximately $400,000 in accounts payable of Citadel associated with the Water Assets, which payables will be assumed by and paid by the Partnership in the event that Court finds that the Water Assets are the property of the Partnership.

In support of this Complaint, Plaintiff alleges the following based on personal knowledge as to its own identity, acts and property, and on information and belief as to the identity, acts and property of others:

53394778 v8

## The Parties

1.  Plaintiff H2O is a Limited Partnership organized under the laws of the State of Delaware with headquarters in Watford City, North Dakota.

2.  Debtor/Defendant CES is a Limited Liability Company organized under the laws of the State of Wyoming with a principal place of business in Beverly Hills, California.

3.  Defendant Citadel is a Limited Liability Company organized under the laws of the State of Delaware with a principal place of business in Beverly Hills, California. It is a subsidiary of Debtor/Defendant CES.

4.  For purposes of full and complete disclosure, it should be noted that the sole general partner of the Partnership, H2O-GP2, LLC, a Delaware Limited Liability Company (the "New GP/Manager"), is the sole party authorized to manage, operate and act for and on behalf of Defendant Citadel. This exclusive power and authority is granted pursuant to a Management Agreement dated April 6, 2015 (the "Management Agreement"). A copy of the Management Agreement is attached hereto as Exhibit A.

## Jurisdiction and Venue

5.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 157(c)(1) and 28 U.S.C. § 1334(b).

6.  This Court has personal jurisdiction over the Defendants, as CES is one of the Debtors in the Chapter 11 cases under which this adversary proceeding is commenced and the other Defendant, Citadel, is a majority owned subsidiary of the Debtor, CES.

7.  Venue is proper in this Court under 28 U.S.C. § 1409 as this adversary proceeding is related to the Debtors' Chapter 11 cases.

## Facts

8. In or about July of 2014, Debtor/Defendant CES approached prospective investors – both directly and through an intermediary – in an effort to induce them to purchase Limited Partner ("LP") shares in the Partnership.

9. As CES explained to prospective investors both orally and in writing, the purpose of the Partnership was to raise money for the purchase of the Water Assets and to then sell the fresh water acquired through those Water Assets to oil and gas drillers in the Bakken formation of the Williston basin in North Dakota and Montana for use in hydraulic fracture drilling (also known as "fracking").

10. In connection with its solicitations of prospective investors in the Partnership, CES issued to the prospective investors a Private Placement Memorandum (the "PPM"). A copy of the PPM is attached hereto as Exhibit B.

11. Among other information, the PPM provided an explanation of the organizational structure of the Partnership. According to the PPM, CES would be the General Partner ("GP") of the Partnership. Defendant Citadel, which is a subsidiary of CES,[2] would serve as the Manager of the Partnership. *See* Ex. B at 2.

12. CES also explained in the PPM that Defendant Citadel, the Manager of the Partnership, had entered into a contract with a third party to purchase the Water Assets for $5 million. The PPM stated that CES would raise up to $7 million from LP investors and that $5 million of that amount would be spent to fund Citadel's purchase of the Water Assets on behalf of the Partnership. *See id.* at 2.

---

[2] At all relevant times, CES has owned no less than 80% of Citadel. The other 20% of Citadel is or was owned by an entity called Milestone Ventures, LLC.

4

13. Of critical importance, CES represented in the PPM that **immediately** upon the closing of Citadel's purchase of the Water Assets on behalf of the Partnership, Citadel would assign all of those assets to the Partnership. Indeed, on the front page of PPM, CES described the Partnership investment as follows:

> The Manager [Citadel] has entered into an agreement (the "Asset Purchase Agreement") to acquire the rights under leases and similar arrangements to more than 127 strategic surface water well sources consisting primarily of lakes, ponds, streams, and creeks, that serve the vast frac requirements of oil and gas operators throughout the Bakken Shale.... **The Manager will acquire the water rights and related assets (the "Water Assets") and immediately following the closing of this Offering will assign the Water Assets to the Partnership**. The Manager will operate such Water Assets for the exclusive benefit of the Partnership. *See id.* at cover page.[3]

14. Similarly, under the capitalized and underlined heading "INVESTMENT OBJECTIVE, STRATEGY AND POLICY", the PPM represented that "[t]he **Water Assets will immediately after the closing of the Offering be assigned [by Citadel] to the Partnership**." *See id.* at 5. And on the same page in a section of the document entitled "WATER ASSETS," the PPM repeats yet again the express commitment that Citadel would assign the Water Assets to the Partnership immediately after the closing of the offering. *See id.*

15. Defendant Citadel, which was managed and controlled by the same people who owned, managed and controlled Debtor/Defendant CES, was aware at all relevant times of the representations made by its parent company in the PPM regarding the immediate transfer of the Water Assets to the Partnership.

16. On or about August 11, 2014, Debtor/Defendant CES succeeded in raising approximately $7 million in funds for the Partnership through the sale of LP interests therein to at least five private investors who became limited partners in the Partnership.

---

[3] Unless otherwise indicated, bolding and underlining of any text quoted in this Complaint has been added.

5

17. In connection with the LPs investment in the Partnership, CES and the LPs entered into a written agreement entitled "LIMITED PARTNERSHIP AGREEMENT OF H2O PARTNERS, LP" (the "LPA"). A copy of the LPA is attached hereto as Exhibit C.

18. The LPA states that it "shall be governed by, and construed in accordance with, the law of the State of Delaware." *See id.* at § 11.09.

19. Consistent with the PPM, the LPA provided that Debtor/Defendant CES was the GP of the Partnership, *see* Ex. C at § 1.01 (DEFINITIONS – "GENERAL PARTNER"), and that Defendant Citadel would serve as the Manager of the Partnership. *See id.* at § 3.07.

20. All of the financial investors in the Partnership were LPs. *See* Ex. C at 33 ("Schedule of Initial Partnership Interest").

21. With respect to CES and Citadel's roles as GP and Manager, respectively, the LPA provides, *inter alia*, the following:

> Duties of the General Partner and Manager. The General Partner [CES] shall use its commercially reasonable efforts to **exploit the Water Assets for the exclusive benefit of the Partnership.** Without limiting the generality of the foregoing, all net revenues from the sale of water on the properties encompassed by the Water Assets shall inure to the benefit of the Partnership. The day-to-day management of the business of the Partnership shall be conducted by [Citadel], a wholly owned subsidiary of the General Partner which will be reimbursed by the Partnership for its costs in operating the business and **shall receive no additional consideration.** *See id.* at § 3.07.

22. Also consistent with the PPM, the LPA defines "Water Assets" to mean "those assets acquired or to be acquired by the [sic] Citadel … pursuant to the Asset Purchase Agreement and **to be assigned to the Partnership immediately after closing.**" *See id.* at § 1.01 (Definitions – **"Water Assets"**).

53394778 v8

23. Defendant Citadel was aware at all relevant times of the representations and commitments made by its parent company in the PPM and the LPA regarding the immediate transfer of the Water Assets to the Partnership.

24. On or about August 15, 2014, Citadel closed the transaction contemplated by the Asset Purchase Agreement and was assigned the Water Assets (the "Asset Purchase"). The $5 million payment made to the assignor in consideration for the assignment of the Water Assets to Citadel was funded entirely by the Partnership.

25. In funding the Asset Purchase, the Partnership reasonably and foreseeably placed its trust and confidence in the integrity and fidelity of the Defendants and expected that Citadel would, immediately upon the closing of the Asset Purchase, assign the Water Assets to the Partnership.

26. Contrary to the unequivocal representations in the PPM and express requirement in the LPA, Defendant Citadel did not assign the Water Assets to the Partnership immediately upon the closing of the Asset Purchase.

27. On or about April 7, 2015, a majority of the LPs removed Debtor/Defendant CES from its position of GP for "Cause" (as defined in the LPA). A copy of the removal notice without attachments (the "Removal Notice") is attached hereto as Exhibit D.

28. In the Removal Notice, the LPs identified, among other reasons, CES's failure to cause its subsidiary, Citadel, to transfer the Water Assets to the Partnership in accordance with the terms of both the PPM and the LPA. *See* Ex. D at Point 2.[4]

29. Despite the clear terms of the PPM and the LPA, the Water Assets still have not been assigned by Citadel – the non-debtor Defendant – to the Partnership.

---

[4] Shortly thereafter, a majority of the LPs voted to install a new GP, H2O-GP2, LLC, a Delaware limited liability company.

53394778 v8

30. Defendant Citadel has been unjustly enriched because it continues to hold the Water Assets that were paid for, and purchased solely for the benefit of, the Partnership.

31. The Water Assets cannot lawfully be of any value to Debtor/ Defendant CES regardless of whether they remain in possession of Citadel. As discussed above, as the GP, CES was obligated under the LPA to "**exploit the Water Assets for the <u>exclusive benefit of the Partnership</u>**." *See* Ex. C at § 3.07. And since its removal for "Cause" from its role as GP of the Partnership, CES has no right to be involved in any manner with the Water Assets.

32. The Water Assets also cannot lawfully be of any value to Defendant Citadel because Section 3.07 of the LPA expressly provides that Citadel cannot derive any financial benefit from the use or possession of the Water Assets. *See id.* ("Citadel ... will be reimbursed for its costs in operating the business and **shall receive no additional consideration**.")

## COUNT I
### (Declaratory Judgment Under 28 U.S.C. § 2201)

33. The Partnership repeats and incorporates by reference the allegations in ¶¶ 1 – 31 as if fully alleged herein.

34. An actual controversy exists between the Plaintiff and the Defendants as to whether the Water Assets rightfully belong to the Partnership rather than Citadel. The Chapter 11 filing by CES, and the resultant consequences thereof, has made a determination of this issue critical to the Plaintiff and Defendants.

35. The Partnership is entitled to a declaration from this Court that:

    i. the Partnership is the rightful owner of the Water Assets;

    ii. Debtor/Defendant CES has no right, title or interest in the Water Assets, which are not property of CES's estate or otherwise available (through its

53394778 v8

majority owned subsidiary Citadel) for liquidation by the Debtors or any subsequent Trustee appointed in the CES bankruptcy cases; and

iii. Citadel is obligated, based on commitments within both the PPM and the LPA and/or as a matter of equity, to assign the Water Assets to the Partnership.

## COUNT II

### (Constructive Trust)

36. The Partnership repeats and incorporates by reference the allegations in ¶¶ 1 – 34 as if fully alleged herein.

37. In acquiring the Water Assets with $5 million provided by the Partnership, Defendant Citadel knowingly entered into a "confidential relationship" with the Partnership, *i.e.*, one in which the Partnership placed its trust and confidence in the integrity and fidelity of Citadel to immediately transfer the Water Assets to the Partnership.

38. Defendant Citadel has been unjustly enriched because of its failure to transfer the Water Assets to the Partnership.

39. Defendant Citadel continues to unfairly hold the Water Assets under circumstances in which those assets should, as a matter of equity and good conscience, be held and enjoyed by the Partnership.

40. As a matter of equity, Defendant Citadel holds the Water Assets in a constructive trust solely for the benefit of the Partnership and should be ordered by this Court to assign those assets to their rightful owner, the Partnership.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

53394778 v8

*WHEREFORE,* Plaintiff H2O Partners, L.P. respectfully requests that this Court:

A. Issue a Declaratory Judgment that:

   i. the Partnership is the rightful owner of the Water Assets;

   ii. Debtor/Defendant CES has no right, title or interest in the Water Assets, which are not property of CES's estate or otherwise available (through its majority owned subsidiary Citadel) for liquidation by the Debtors or any subsequent Trustee appointed in the CES bankruptcy cases; and

   iii. Citadel is obligated, based on commitments within both the PPM and the LPA and/or as a matter of equity, to assign the Water Assets to the Partnership.

B. Find in the Plaintiff's favor on Count II of this Complaint for Constructive Trust and order Defendant Citadel to assign all of the Water Assets to the Plaintiff within five (5) business days of entry of the date of its Order; and

C. Grant such other relief to the Plaintiff as this Court deems to be just and proper.

Dated: August 6, 2015
Wilmington, DE

**WHITEFORD TAYLOR PRESTON LLC**

/s/ Thomas J. Francella, Jr.
Thomas J. Francella, Jr., Esq.
Renaissance Centre
405 King Street, Suite 500
Wilmington, DE 19801
Telephone: (302) 357-3252
Facsimile: (302) 357-3272
Email: tfrancella@wtplaw.com

-and-

53394778 v8

                    **HINCKLEY, ALLEN & SNYDER LLP**

                    /s/ Paul F. O'Donnell, III
                    Paul F. O'Donnell, III, Esq.
                    Kevin J. O'Connor, Esq.
                    28 State Street
                    Boston, MA 02109-1775
                    Telephone: (617) 345-9000
                    Facsimile: (617) 378-4183
                    Email: podonnell@hinckleyallen.com
                              koconnor@hinckleyallen.com

                    Attorneys for Plaintiff
                    H2O Partners, L.P.

53394778 v8