IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Citadel Energy Holdings, LLC, *et al.*,[1] | ) Case No. 15-11322 (KJC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### JOINDER OF CERTAIN INVESTORS AND LIMITED PARTNERS OF THE DEBTORS TO THE MOTION OF THE UNITED STATES TRUSTEE FOR APPOINTMENT OF A TRUSTEE, OR IN THE ALTERNATIVE FOR THE APPOINTMENT OF AN EXAMINER OR THE CONVERSION OF THE CASES TO CHAPTER 7

NOW COMES Leland Properties, LLC, Russell Miller, Jr., Todd Jorgensen, Peter Pifer, The Anthony & Angela Reed Family Trust, Tony Reed, BlueWater Family Limited Partnership, Robert L. Frazier, Grimsley Family Trust, MIS Equity Strategies, L.P. and Weiss Accountancy 401(k) Plan, who are investors or who possess limited partner interests in the above-captioned Debtors (the "Investor Group"), by and through their undersigned counsel, who hereby respectfully join in and support the *Motion of the United States Trustee for the Appointment of a Trustee, or in the Alternative for the Appointment of an Examiner or the Conversion of the Cases to Chapter 7* filed August 5, 2015 [Docket No. 76 ](the "UST Motion"), and states as follows:

### PRELIMINARY STATEMENT

1. The Investor Group joins in the relief requested in the UST Motion and supports the conversion of the Debtors' chapter 11 cases to proceedings under chapter 7 of the Bankruptcy Code so that a chapter 7 trustee can be appointed and a liquidation of the Debtors' assets can occur. In

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Watford City Disposal Partners, LP (1520); Citadel Energy SWD Holdings, LLC (5266); Citadel Energy Holdings, LLC (5061). The Debtors' address is P.O. Box 2127, Watford City, North Dakota 58854.

addition to the grounds for conversion cited in the UST Motion, the Investor Group offers the following in further support of the conversion of these cases to chapter 7:

## BACKGROUND

2. On June 19, 2015, each Debtor filed a voluntary petition under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

3. On July 20, 2015, the United States Trustee ("UST") appointed an Official Committee of Unsecured Creditors (the "Committee") in these cases [Docket No. 53]. On July 30, 2015, the Committee filed a retention application to employ counsel [Docket No. 72]. The UST filed an objection to the Committee's retention application on August 20, 2015 [Docket No. 103].

4. On August 5, 2015, the UST filed its *Motion for the Appointment of a Trustee, or in the Alternative for the Appointment of an Examiner or the Conversion of the Cases to Chapter 7* [Docket No. 76]. A hearing on the UST Motion is scheduled for September 15, 2015.

## RELIEF REQUESTED

### I. Cause Exists to Convert the Debtors' Cases to Chapter 7 Under Section 1112(b)(4)(A)

5. Establishing cause under section 1112(b)(4)(A) requires the Court to undertake a two-part analysis. The first prong of section 1112(b)(4)(A) requires a showing of a "substantial or continuing loss to or diminution of the estate." "If the estate has sustained a substantial loss following the commencement of the case, or the debtor is operating with a sustained negative cash flow after the commencement of the case, these facts are sufficient to justify a finding of "substantial or continuing loss to ... the estate." See 7 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy, ¶1112.04[5][a] at 1112-34 (15th ed. rev'd 2008).

6.   The first prong of the test is easily satisfied. The Debtors reported a net income of $116,076.91 in June and $44,140.88 in July. *See* Monthly Operating Reports, [Docket Nos. 104, 105]. The Debtors' cash barely totaled $50,000 in June and July. *Id.* Given the diminishing income and minimal cash, the Debtors are unable to satisfy its accruing day to day business or the administrative costs of these chapter 11 cases, as no source of payment exists for these obligations.

7.   The second prong of section 1112(b)(4)(A) requires an "absence of a reasonable likelihood of rehabilitation." As noted in Collier, "the standard under section 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." See Collier, ¶1112.94[5][a] at 1112-36 (15th ed. rev'd 2008); see also *Quarles v. United States Trustee*, 194 B.R. 94, 97 (W.D. Va. 1996) (no likelihood of rehabilitation where debtor was losing money and the only hope of reorganization depended on speculative outcomes in pending litigation). "Rehabilitation" as used in section 1112(b)(4)(A) is not synonymous with "reorganization." Instead, "[r]ehabilitation signifies that the debtor will be reestablished on a sound financial basis, which implies establishing a cash flow from which current obligations can be met." *In re Rundlett*, 136 B.R. 376, 380 (Bankr. S.D.N.Y. 1992) (granting creditor's motion to convert chapter 11 case to chapter 7 where debtor's use of estate property resulted in continuing loss or diminution of the estate, there was not a reasonable likelihood of rehabilitation and the debtor would be unable to effectuate a plan) (citing *In re Kanterman*, 88 B.R. 26, 29 (S.D.N.Y. 1998) (affirming conversion of chapter 11 case to chapter 7 upon creditors' showing continuing diminution to the estate and absence of reasonable likelihood of rehabilitation)).

8.      The Debtors' own filings belie any conclusion that the Debtors can successfully rehabilitate. The Debtors admit that the pre-petition mismanagement by their owner, general partner and former manager, Stanton Dodson, resulted in the "chaos" and "emergency nature" of the Debtors' filings and have "hindered the Debtors' reorganization." See *Debtors' Objection to the United States Trustee's Motion for the Appointment of a Trustee, or in the Alternative for the Appointment of an Examiner of the Conversion of the Cases to Chapter 7*, ¶¶ 8, 18-19. Through these disclosures along with the dismal financial condition set forth in the Debtors' monthly operating reports, there is little to no prospect for a successful rehabilitation of the Debtors.

## II. Cause to Convert Also Exists Under Section 1112(b)(4)(B)

9.      Sufficient cause for conversion is also established by the myriad of improper actions of the Debtors and their management. The Debtors' misconduct is outlined in the derivative complaint filed by certain investors and limited partners that are part of the Investor Group. See Exhibit A, *Complaint, Leland Properties, LLC, et al. v. Citadel Energy Partners, LLC*, Superior Court of the State of California for the County of Los Angeles, Case No. BC584818 (the "Derivative Complaint"). The Derivative Complaint filed by certain investors and limited partners, who are part of the Investor Group, sets forth allegations of fraud and disregard for corporate formalities by the Debtors' "former" and current management, including breach of fiduciary duties, fraudulent investments, self-dealing and misuse of corporate assets. These activities constitute gross mismanagement under section 1112(b)(4)(B).

10.     Bankruptcy courts have found a wide variety of conduct can establish gross mismanagement. *In re Hoyle*, 2013 Bankr. LEXIS 420, *40 (Bankr. D. Idaho Jan. 17, 2013). A debtor's responsibility to manage the estate arises from its fiduciary duty to its creditors. *Id.*, see

also, *In re Halal 4 U, LLC*, 2010 Bankr. LEXIS 3335, *11 (Bankr. S.D.N.Y. Sept. 24, 2010) (violation of a debtor's fiduciary duties to creditors supports finding of gross mismanagement).

11. In addition to the Derivative Complaint, allegations of misconduct surrounding the Debtors' misuse of certain groundwater permits and leases and customer contracts to supply freshwater, which are valued at approximately $5 million, are outlined in a declaratory judgment action filed with this Court. See *Complaint, H2O Partners, LP v. Citadel Energy Services, LLC, et al.*, Adversary Proceeding No. 15-51031 (KJC).

12. Beyond these actions, the Debtors' attempt and failure to solidify a sale of its assets, the squandering of the Debtors' assets, the lack of a budget or any revenue in these chapter 11 cases and the Debtors' general inability to sustain administrative costs call for the conversion of the Debtors' cases to chapter 7.

13. The Debtors' argue that the retention of a Chief Restructuring Officer ("CRO") will assist with the sale of estate assets. However, the retention of a CRO is just another layer of administrative fees and costs that the Debtors cannot afford. The only hope of maximizing value for the creditors and the Investor Group in this case will come from the conversion of the cases to chapter 7, the appointment of a chapter 7 trustee and the liquidation of the Debtors' assets.

## **JOINDER**

14. The Investor Group hereby joins in and adopts the arguments set forth in the UST Motion filed on August 5, 2015 and, specifically, supports the conversion of the Debtors' cases to chapter 7 forthwith so that a chapter 7 trustee can be appointed and an orderly liquidation of the Debtors' assets can occur.

## **RESERVATION OF RIGHTS**

15.     The Investor Group reserves the right to assert additional arguments prior to the hearing on the *Motion of the United States Trustee for the Appointment of a Trustee, or in the Alternative for the Appointment of an Examiner or the Conversion of the Cases to Chapter 7* or to assert additional arguments at the time of hearing.

Dated:  September 4, 2015

                              KLEHR HARRISON HARVEY
                              BRANZBURG LLP

By:   */s/ Richard M. Beck*
      Richard M. Beck (DE Id No. 3370)
      Sally E. Veghte (DE Id No. 4762)
      919 Market Street, Suite 1000
      Wilmington, Delaware 19801
      Telephone:  (302) 426-1189
      Facsimile:   (302) 426-9193
      rbeck@klehr.com
      sveghte@klehr.com

      *Counsel to Leland Properties, LLC, Russell Miller, Jr., Todd Jorgensen, Peter Pifer, The Anthony & Angela Reed Family Trust, Tony Reed, BlueWater Family Limited Partnership, Robert L. Frazier, Grimsley Family Trust, MIS Equity Strategies, L.P. and Weiss Accountancy 401(k) Plan*

## CERTIFICATE OF SERVICE

I, Richard M. Beck, do hereby certify that on September 4, 2015, I caused true and correct copies of the *Joinder of the Investor Group in Motion of the United States Trustee for the Appointment of a Trustee, or in the Alternative for the Appointment of an Examiner or the Conversion of the Cases to Chapter 7* to be served upon the parties listed below via first class mail:

Michael G. Busenkell
Emily K. Devan
Gellert Scali Busenkell &
   Brown, LLC
913 N. Market St., 10th Floor
Wilmington, DE 19801

Juliet Sarkessian
Linda J. Casey
Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19801

Thomas M. Horan
Ericka F. Johnson
Womble Carlyle Sandridge
   & Rice LLP
222 Delaware Avenue
Suite 1501
Wilmington, DE 19801

/s/ Richard M. Beck
Richard M. Beck (DE Id No. 3370)

PHIL1 4860629v.1